IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 5, 2003 Session

## PEGGY PISTOLE v. STEPHANIE D. HAYES, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99C-2941     Carol Soloman, Judge**

---

**No. M2002-00470-COA-R3-CV - Filed January 12, 2004**

---

In this appeal from the Circuit Court for Davidson County the Plaintiff/Appellant, Peggy Pistole, argues that the Trial Court erred in excluding witness testimony upon grounds that their identity was not disclosed in Ms. Pistole's response to interrogatories. We reverse the judgment of the Trial Court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Joseph P. Bednarz, Jr., Nashville, Tennessee, for the Appellant, Peggy Pistole

William G. McCaskill and W. Carl Spinning, Nashville, Tennessee, for the Appellees, Stephanie D. Hayes and Jennifer C. Penney

**OPINION**

This appeal arises out of a cause of action filed by Ms. Pistole in October of 1999[1] for personal injuries and property damage she allegedly sustained as the result of an automobile accident involving herself and the Defendants/Appellees, Stephanie D. Hayes and Jennifer C. Penney. Trial of the case was scheduled for October 8, 2001.

On October 5, 2001, Ms. Hayes filed a motion *in limine* which, *inter alia*, asserts that, in her witness and exhibit list filed on October 4, 2001, Ms. Pistole included Roger DesPrez, M.D. and Margaret Allison DeHart, CNP as potential trial witnesses. The motion asserts that Ms. Hayes did

---

[1]The record shows that the original complaint was filed by the Appellant on April 2, 1997; however, an order of voluntary dismissal was entered with respect to that complaint on March 9, 1999, and the complaint was re-filed on October 18, 1999.

not have notice of these witnesses prior to October 4, 2001, and requests that their testimony be excluded as evidence at trial. On October 8, 2001, the Court announced its ruling that the two witnesses would not be allowed to testify. Trial of the case proceeded culminating in a jury verdict in favor of Ms. Pistole and an award to her of damages in the amount of $4,000.00. Thereafter, Ms. Pistole filed a motion for new trial based, in part, upon grounds that the Court erred in excluding the testimony of Dr. DesPrez and Nurse DeHart. The Court entered its order denying this motion on January 29, 2002, and the present appeal followed.

The sole issue we address, as restated, is whether the Trial Court erred in excluding the testimony of witnesses Dr. DesPrez and Nurse DeHart.

In reviewing an evidentiary ruling such as the one made by the Trial Court in this case it is our duty to determine whether the Court abused its discretion. As noted by the Supreme Court of this State in *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 442 (Tenn. 1992):

> In Tennessee, admissibility of evidence is within the sound discretion of the trial judge. When arriving at a determination to admit or exclude even that evidence which is considered relevant trial courts are generally accorded a wide degree of latitude and will only be overturned on appeal where there is a showing of abuse of discretion.

T.R.C.P. 26.02(1) allows parties to obtain discovery regarding any non-privileged matter relevant to the subject matter in the pending action including "the identity and location of persons having knowledge of any discoverable matter." We noted in *Strickland v. Strickland*, 618 S.W.2d 496 (Tenn. Ct. App.1981)*,* that "Rule 26.02(1) is designed for the discovery of facts which will enable litigants to prepare for trial free from the element of surprise, which, prior to the adoption of the rules, frequently led to a result based more upon the legal maneuvering of counsel than upon the merits of the case." While the Tennessee Rules of Civil Procedure do not set forth sanctions to be imposed when a party is found to have abused the discovery process, the Supreme Court of this State has recognized that trial judges have an "inherent power" to implement appropriate corrections in such case. *Lyle v. Exxon Corp.*, 746 S.W.2d 694 (Tenn. 1988). In *Strickland, supra,* we stated as follows at page 501with regard to the imposition of sanctions where a party has failed to reveal the name of a person having knowledge of a discoverable matter.

> Generally, where a party has not given the name of a person with knowledge of discoverable matter, the court should consider the explanation given for the failure to name the witness, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance. In the light of these considerations the court may permit the witness to testify, or it may exclude the testimony, or it may grant a continuance so that the other side may take the deposition of the witness or otherwise prepare to meet the testimony. See: 8 Wright and Miller, Federal Practice and Procedure, *supra*; 23 Am.Jur.2d *Depositions and Discovery* § 265 (1965).

> Where ... the party willfully, knowingly, and intentionally withheld the name of a person with knowledge of discoverable matter, the imposition of the sanction of not permitting that person to testify is strongly suggested.

The record shows that the Appellees served Ms. Pistole with interrogatories and request for production of documents on March 7, 2000. Her response was served on counsel for the Appellees on June 23, 2000, and included the following.

> 4. State the name and address of each physician or other practitioner of the healing arts who has treated you for the injuries or medical conditions upon which this action is based, and attach copies of any and all medical records in the possession of you or your attorney pertaining to this treatment.
>
> **ANSWER:**
>
> Nashville Fire Dept./E.MS.
> Matthew Bumbalough, RNC, FNP
> University Community Health Services
> Tennessee Orthopaedic Alliance
> E. Gene Snead, Jr., D.C.
> Baptist Outpatient & Sports Rehabilitative Services
> W. Anderson Spickard, III, M.D.
> Vanderbilt University Medical Center
> Nashville Memorial Hospital
>
> Addresses may be found in Attachment #2

> 22. State the name and address of each person who (a) was, or was reported to be, an eyewitness to the accident; (b) was at or near the accident scene shortly before or after the accident; (c) has, or may have, knowledge concerning the identity of other witnesses; (d) made or has possession of any photographs of the accident scene, or of any person (including yourself) allegedly injured in the accident; (e) heard any witness or any party make any statement concerning the accident or concerning the facts and circumstances surrounding it; (f) has, or may have, knowledge concerning the facts and circumstances surrounding the accident or your injuries, illnesses or conditions before and after the accident, but whose name has not been provided in answers to any of the questions above.
>
> **ANSWER:**
>
> To the best of my knowledge, only those listed on the accident report and the investigating police officer.

-3-

24.  Please state the names and address of all persons, whether or not you intend to call them as witnesses at trial, including Plaintiff, who have knowledge of facts pertaining to the allegations of Plaintiff's Complaint, and provide a general summary of the facts of which you understand each such person is knowledgeable.

**ANSWER:**

None other than those already listed.

The Appellees apparently contend that, because of Ms. Pistole's failure to list Dr. DesPrez or Nurse DeHart in response to any of the referenced interrogatories their testimony was appropriately excluded by the Trial Court[2].

Although Ms. Pistole does not dispute that Dr. DesPrez and Nurse DeHart were not specifically named in her responses to the referenced interrogatories she apparently argues that her response to interrogatory number 4 is adequate because, although she does not name the witnesses in her response to that interrogatory, she does name University Health Care Services, the facility where she was treated by the witnesses. We do not agree that the mere listing of the medical facility where the witnesses were working is an adequate response to interrogatory number 4, which asks for the name of each physician or other practitioner of the healing arts who has treated Ms. Pistole. That Ms. Pistole was aware of the specificity required by this interrogatory is evident from the fact that her response does include the names of three other physicians or health care providers.  Ms. Pistole asserts that her response to interrogatory number 22 was based upon the assumption that all of her health care providers had been identified in response to interrogatory number 4; however, because we have determined that her response to interrogatory number 4 should have included the names of Dr.DesPrez and Nurse DeHart, it follows that her response to interrogatory number 22 is also deficient. We further note that Ms. Pistole's argument that interrogatory number 24 requests the identity of persons she plans to call as witnesses at trial and that she has no duty to provide this information in response to interrogatories. However, interrogatory number 24 clearly requests the names and addresses of persons having knowledge of facts pertaining to allegations in the complaint "whether or not" Ms. Pistole intends to call them as witnesses at trial.  Accordingly, we disagree with Ms. Pistole's construction of this interrogatory and it is our finding that her response to this interrogatory should have included the names of the subject witnesses because, as we note, they were not listed in her responses to other interrogatories.

_____

[2]The Appellees indicate that Ms. Pistole also failed to provide the names of Dr. Desprez and Nurse Dehart in response to interrogatory number 25 which requests the names of persons Ms. Pistole intends to call as expert witnesses in the case.  We find no evidence that either of these witnesses was to be called for expert testimony and the Trial Court appears to have determined that Dr. DesPrez was being called as Ms. Pistole's treating physician and not as an expert. Accordingly, the Appellees' argument that Ms. Pistole was obligated to identify Dr. DesPrez and Nurse DeHart in response to this interrogatory is without merit.

It is our determination that Ms. Pistole was obligated to set forth the names of Dr. DesPrez and Nurse Dehart in response to at least one of the above referenced interrogatories and her failure to do so was an abuse of the discovery process. Having made this determination we must further determine whether exclusion of these witnesses' testimony was an appropriate sanction under the circumstances in this case and our review of the Trial Court's decision in that respect is based upon those criteria set forth in *Strickland, supra.*

First we consider the explanation given by Ms. Pistole for her alleged failure to name Dr. DesPrez and Nurse DeHart on pretrial discovery. In this regard Ms. Pistole apparently argues that, even if these witnesses were not named in her responses to interrogatories, they were otherwise identified in deposition testimony she gave on January 18, 2001, approximately ten months prior to trial. Our review of the record confirms that both witnesses were named by Ms. Pistole on several occasions in her deposition testimony as follows:

> Q. Okay. Have you received treatment at Vine Hill for any injuries that you claim are related to the automobile accident?
>
> A. Pills for anxiety and depression.
>
> Q. Okay. So do you recall - - do you see the same doctor when you go to Vine Hill, or does it just depend on who's assigned there a particular day?
>
> A. I get to keep the same one.
>
> Q. Who have you been seeing at the Vine Hill Clinic?
>
> A. Allison D. Heart.[3]
>
> ....
>
> A. Anyway he prescribed the Elavil, and he said, "You'll have some weird side effects but keep taking it because you'll get used to it." And anyway it made me have bad dreams when I first start taking them or when they have upped the dosage, but I asked him how long would I have to take them, and he said the rest of my life.
>
> Q. Okay. And who prescribed - - you made it sound like somebody else is actually refilling those for you. Who's doing that?
>
> A There's a doctor at the clinic that was in Madison and the clinic at Vine Hill.

---

[3] There is apparently no dispute that this is a misspelling of Nurse Dehart's name.

Q. Uh-huh.

A. And he's the one that writes the prescriptions. You know, the nurse practitioners, like, fill them out.

Q. Right.

A. And then he signs them, and his name is Roger DePrez. It's D-E capital P-R-E-Z.[4]

...

Q. Okay. And then the Celexa, which I think you told me is being prescribed for depression, who's prescribed that medicine?

A. Allison D. Heart but Dr. DePrez signed it.

...

Q. Okay. now are those all of the prescriptions that you're taking currently?

A. No. I take Prilosec too because they had me on so many different kind of anti-inflammatories, it gave me an ulcer.

Q. Okay. Who has prescribed the Prilosec?

A. The same place. Allison D. Heart over at Vine Hill.

...

Q. And you talked about depression and anxiety?

A. Yes.

Q. Who are you seeing about that?

A. Now I'm just seeing Allison D. Heart over at Vine Hill.

Q. She's - -

---

[4] There is apparently no dispute that this is a misspelling of Dr. DesPrez's name.

A.  I went to - -

Q. Is she a general practitioner or a nurse?

A. Nurse practitioner.

The Appellees state that Ms. Pistole "seems to suggest that because she mentioned the names of these two individuals during one of two depositions taken related to this matter, Defendants were ... somehow on notice that these individuals would be witnesses at trial." But the question is not whether Ms. Pistole notified the Appellees of those individuals who would be witnesses at trial but, rather, whether she identified persons having knowledge of facts relevant to the case. After reviewing the referenced testimony we are compelled to find that Ms. Pistole did identify Dr. DesPrez and Nurse DeHart as persons having knowledge of facts relevant to the case. As we have indicated on prior occasion, T.R.C.P. 26.02 (1) allows discovery of the identities of individuals having knowledge about the facts of a case; however, it does not require that a party designate its trial witnesses. *Strickland v. Strickland*, 618 S.W.2d 496 ( Tenn. Ct. App. 1981) and *Mercer v. Vanderbilt University Inc.*, an unreported opinion of this Court filed in Nashville on December 5, 2002.

The next factor we consider is the importance of the testimony to the case. Ms. Pistole argues that the testimony of these witnesses was necessary to overcome the Appellees' portrayal of her "as someone who was not really injured and was taking multiple medications without the knowledge of her physicians." Ms. Pistole states that the testimony of Dr. DesPrez and Nurse DeHart was not only important to explain why the medications they prescribed were necessary, but that their testimony was also very important in proving that medical expenses she incurred were reasonable, necessary and related to the accident. Because of the exclusion of their testimony, Ms. Pistole contends that she was only able to prove a very small part of her medical expenses.

The Appellees' do not directly address Ms. Pistole's argument that the testimony of these witnesses was important to the case in that portion of their argument devoted to the issue of whether the Court properly excluded such testimony. They do, however, make certain assertions relevant to the importance of this testimony in arguing that there was material evidence to support the jury's verdict and that, if there is any material evidence to support the verdict, we must affirm the judgment. Before addressing this latter argument, we will analyze the Appellees' assertions made in its support as they pertain to the question of the importance of the testimony of Dr. DesPrez and Nurse DeHart in this case. In this regard the Appellees assert that Ms. Pistole was allowed to testify at length about the injuries and treatment she received as a result of the accident and "why she was prescribed certain medication." Accordingly, the Appellees assert that "the jury was allowed to consider a great deal of evidence regarding [her] injuries and treatment."

Our review of the record convinces us that the testimony of Dr. DesPrez and Nurse DeHart was important evidence in this case as to the question of why the medications prescribed by them were reasonable and necessary to her medical treatment as it related to the automobile accident.

Although Ms. Pistole did testify at length about her injuries and treatment, much of this testimony was not supported by medical evidence, as the Appellees admit. We do not know what the subject witnesses' specific testimony would have been and we will not speculate upon the precise weight that testimony would have carried with the jury. However, we find it reasonable to assume that such testimony might well have been of great importance in supporting Ms. Pistole's claim for pain and suffering and her claim for medical expenses which, according to her memorandum in support of her motion for new trial, was not pursued after the Court's decision to exclude the testimony of Dr. DesPrez.

The next factor we consider is the amount of time the Appellees would have needed to prepare for the testimony of Dr. DesPrez and Nurse DeHart. As treating medical practitioners, we will assume that these witnesses would have testified as to matters such as causation, pain and suffering and treatment. It is not possible to say exactly how much time the Appellees would have needed to prepare for cross examination of these witnesses; however, we note that the Appellees did conduct cross examination of Dr. Benjamin Johnson, another treating physician who was consulted by Ms. Pistole subsequent to her consultation with Dr. DesPrez and Nurse DeHart, as to these same general matters. Accordingly, it would not appear that the Appellees would have needed an extensive amount of time to prepare for cross examination of these witnesses and the resulting delay would have been preferable to exclusion of their testimony.

The last factor we consider is the possibility of a continuance of trial. There is nothing in the record to show that this option was raised by either side or considered by the Trial Court. We have no reason to believe that a continuance would not have been possible in this case had such been necessary.

This Court has heretofore noted that excluding relevant evidence "hampers the judicial system's truth-seeking function" and is, therefore, "an extraordinary step that courts should employ sparingly." *Qualls, ibid.* For the reasons we have stated, it is our conclusion that, under the circumstances in this case, the testimony of Dr. DesPrez and Nurse DeHart should not have been excluded.

As a final matter we address the Appellees argument, previously alluded to, that we must affirm the Trial Court's judgment if there is any material evidence to support the jury's verdict which is the basis of that judgment. The Appellees misapprehend the correct standard of review. The Trial Court's decision to exclude the testimony of Dr. DesPrez and Nurse DeHart was not based on the verdict of the jury. T.R.A.P. 36 empowers us to grant the relief to which a party before us is entitled and to set aside a final judgment if "error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Our review of the record convinces us that as a result of the Trial Court's exclusion of the testimony of Dr. Desprez and Nurse Dehart was an "error involving a substantial right" which "more probably than not affected the judgment or would result in prejudice to the judicial process."

For the foregoing reasons, we reverse the judgment of the Trial Court and remand the case for a new trial. Costs of appeal are adjudged against Stephanie D. Hayes and Jennifer C. Penney equally.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE